## Hoops Tea Co. v. James A. Dorsey.

1. CONTRACTS—*In Restraint of Trade.*—A contract in restraint of trade, or an agreement not to transact business at specified places, or with particular persons, or beyond a limited and within reasonable bounds, is valid and enforcible, and courts will not inquire, when such a contract has been made and is reasonable, whether the consideration therefor was adequate or equal in value to that which the party restrained lost thereby.

**Bill for Relief.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded, with directions. Opinion filed December 24, 1901.

Copy of the agreement upon which the bill is predicated :

"This agreement, made and entered into this 11th day of March, A. D. 1899, between the 'Hoops Tea Company,' party of the first part, and J. A. Dorsey, of Chicago, party of the second part,

Witnesseth :   That in consideration of the promises hereinafter made by said second party, said first party hereby promises and agrees as follows, viz. :

1.   To pay said second party the sum of sixteen dollars for each and every week; said second party shall be and remain in said first party's service and employment as hereinafter mentioned; said sum to be payable at the end of each and every week, beginning from the date hereof.

2.   To furnish said party a serviceable horse and wagon and a supply of goods, for the purpose of soliciting orders, delivering goods and making collections for said first party.

Said second party for and in consideration of the promises of said first party, above mentioned, hereby promises and agrees with said first party as follows, viz. :

1. To diligently devote his entire time and attention to soliciting orders in Chicago, Illinois, for the goods of said first party, delivering the same and collecting money due upon said orders, or otherwise, under the directions of said first party.

2. To report to said first party, daily, all orders taken, goods delivered and collections made by said second party.

3. To be liable for the value of any shortage in goods received by said second party, or money collected by him and unaccounted for to said first party.

4. To preserve and return in good condition all books of account belonging to said first party intrusted to said second party's care, being liable for their loss, destruction or injury.

5. To be liable to said first party for loss of any kind whatsoever, caused by second party's negligence or carelessness.

6 To carefully avoid all car tracks, and, at all times and places, and especially when approaching car tracks, to use the utmost care and caution to avoid accident.

7. To execute and deliver to said first party a bond satisfactory to said first party for a sum not to exceed five hundred dollars ($500.00).

8. That said party shall in no way interfere or compete with the business, customers or trade of said first party, or in any way solicit the customers of said first party in said Chicago, Illinois, for a period of two years after the termination of this contract; said second party shall be liable to said first party for damages caused thereby, upon the bond herein required, or in any other legal proceeding.

It is further mutually agreed that this contract may be terminated at the option of either party upon giving two weeks prior written notice to the other party. .

Witness the hands and seals of the respective parties hereto this eleventh day of March, A. D. 1899.

Hoops Tea Co.   [SEAL.]

W. T. Cooper, Secy.

J. A. Dorsey.   [SEAL.]"

[CORPORATION SEAL.]

Tenney, McConnell, Coffeen & Harding, attorneys for appellant.

No appearance by appellee.

Mr. Justice Waterman delivered the opinion of the court.

The complainant, as appears by this bill, being engaged in selling teas, coffees and spices at retail in Chicago by delivering such goods to regular customers at their residences upon established routes in said city, such customers, being first obtained through solicitors and their orders being taken and billed by a salesman who travels over the route at regular intervals for that purpose, employed appellee to act for it as such salesman and in and by a contract of employment agreed to pay him a salary of $16 per week and to furnish him a horse and wagon and a supply of goods for the purpose of carrying on the business in which he was employed. It was provided that the contract could be terminated only on two weeks written notice by either party.

Appellee, on his part, agreed to devote his entire time to soliciting orders for appellant, delivering goods, making collections, etc., under its direction, to make daily reports of orders, sales, collections, etc., to preserve and return all books intrusted to him and to be responsible for any injury by his negligence.

The contract also contained a provision in substance as follows:

"That appellee should in no way interfere or compete with the business, customers or trade of appellant or in any way solicit the customers of appellant in Chicago for a, period of two years after the terms of the contract, and that he should be liable to appellant for damages caused thereby, upon his bond required of him or in any other legal proceeding."

The bill sets forth that relying upon this contract, appellant introduced appellee to its customers on the routes assigned to him for work, showed him its business methods, gave him books containing lists of its customers and furnished him with a team and a stock of goods; that he continued in appellant's employment until July 19, 1899, when it was discovered that he was short in his accounts.

He was then temporarily suspended while they were being investigated, whereupon he left appellant's employment and at once began running a wagon over the routes on which he had worked for appellant and began soliciting appellant's customers to leave it and deal with him, taking orders from its customers, delivering them goods, etc., and thus effectually and seriously interfering with its business by means of the knowledge thereof which he had gained while in its employment.

The court below denied to appellant any relief upon the ground that the contract which appellee had entered into with it was unilateral and inequitable, and further decreed that the contract was wholly null, void and unconscionable and so lacking in mutuality as not to be enforcible; and enjoined appellant from commencing any action at law or in equity against the defendant under and by virtue of said contract.

The law is well settled that contracts of this nature which are reasonable in respect to time and territory may be made and will be enforced; that is, that particular restraint of trade or an agreement not to transact business at specified places or with particular persons or beyond a limited distance and within reasonable bounds is valid and enforcible. Nor will a court inquire, when such reasonable contract has been made, whether the consideration therefor was adequate or equal in value to that which a party restrained loses thereby. Linn v. Sigsbee, 67 Ill. 75; Moore v. Bennett, 41 Ill. App. 164–173; Hursen v. Gavin, 59 Ill. App. 66; 162 Ill. 377; Darnell v. Geis, 78 Ill. App. 493; Davis v. Hamlin, 108 Ill. 39; Guyer v. Warren, 175 Ill. 328; Cahill v. Madison, 94 Ill. App. 216.

The decree of the Circuit Court is reversed and the cause remanded, with directions to enter a decree enjoining appellee in accordance with the prayer of the bill filed by appellant.

Reversed and remanded with directions.