# WILLIAM S. LINN

*v.*

# WILLIAM SIGSBEE.

| 67 | 75 |
|---|---|
| 33a | 563 |
| 67 | 75 |
| 35a | 138 |
| 35a | 384 |
| 67 | 75 |
| 143 | 44ᵃ |
| 67 | 75 |
| 47a | 443 |
| 67 | 75 |
| 162 | 380 |
| 67 | 75 |
| 59a | 69 |
| 67 | 75 |
| 69a | 70 |
| 70a | 47ᶜ |
| 67 | 75 |
| 78a | 498 |
| 67 | 75 |
| 184 | 320 |
| 67 | 75 |
| 94a | ²220 |
| 67 | 75 |
| 193 | ¹426 |
| 99a | ²184 |
| 67 | 75 |
| 205 | ²198 |
| 67 | 75 |
| 208 | ⁷615 |
| 67 | 75 |
| 112a | ¹522 |

1. CONTRACT—*in restraint of trade or practice of a profession.* The rule is well settled that any partial restraint of trade, or an agreement not to transact business at specified places, or with particular persons, or beyond a limited distance, or not to practice medicine within reasonable bounds, if there be some legal consideration for the restraint, will not invalidate the agreement.

2. SAME—*consideration—adequacy of.* If there is a reasonable limitation only, and a consideration capable of upholding the agreement, it will be upheld; and the courts will not inquire whether the consideration was adequate, or equal in value to that which the party loses by the restraint.

3. SAME—*reasonableness of restraint and consideration are questions of law.* Such contracts must be construed by the court, and their reasonable character and consideration are questions to be determined by the court.

4. SAME—*restraint held to be reasonable.* In this case a practicing physician sold his house and lot for $2000, and included in the sale his practice, and obligated himself to the purchaser, who was also a practicing physician, "not to establish, nor to attempt to establish a medical practice within the aforesaid township of Chili, nor within six miles of his (then) present residence:" *Held,* that the restraint was reasonable, and supported by a good consideration.

5. SAME—*construed as to consideration.* Where a practicing physician sold his house and lot for the expressed consideration of $2000, and in the

same contract included in the sale his practice, and obligated himself not to establish, or attempt to establish a medical practice in the township where the property sold was situated, or within six miles thereof: *Held*, that the agreement, being an entirety, must be construed so as to make the $2000 paid a consideration for the restraint imposed upon the right to practice medicine, as well as for the house and lot.

6. SAME—*sufficiency of declaration on such contract.* In a suit by one physician against another, for the breach of a contract restraining the defendant from practicing his profession within a certain district, the declaration alleged that the plaintiff and defendant, both being practicing physicians, made and entered into a certain article of agreement, which it set out *in hæc verba*, and which the court held to impose a reasonable restraint, and to show a good consideration; that the plaintiff had complied with the same on his part; and showing a breach of the same by the defendant: *Held*, that the declaration was good.

7. EVIDENCE—*opinions of witness.* In general the opinions of witnesses are not evidence. They are not competent where the inquiry is into a subject matter, the nature of which does not require any peculiar habit, study or scientific knowledge to understand it.

8. SAME—*opinion of experts.* Experts, or persons instructed by experience, or "men of science," may give opinions upon questions of science, skill or trade, as, to the sea-worthiness of ships, or their unskilful navigation, the genuineness of handwriting, the cause of disease and of death, the consequences of wounds, the sanity or insanity of a person, or others of a like kind.

9. On the trial of an action for the breach of a contract made by one physician with another, not to practice medicine within a given territory, after proof that the defendant had so practiced, the court permitted witnesses for the plaintiff, who were also practicing physicians, to give their opinions as to the amount of damages resulting to the plaintiff by the resumption of practice by the defendant: *Held*, that the facts of the case did not bring them within the class of experts as to the subject of inquiry, and that such testimony could not be justified upon any principles of law.

10. SAME—*character of party as a professional man.* In a suit to recover damages for the resumption of a medical practice in violation of an agreement with the plaintiff, who was also a physician practicing in the same district, where no liquidated damages were named in the agreement, it was *held* that it was competent for the defendant to prove the general professional standing of the plaintiff in the prohibited district, as having a bearing upon the question of damages; but not whether particular persons would have employed him, and that the plaintiff, in rebuttal to such evidence, should have the privilege of proving his general reputation as a physician, either within such district or elsewhere.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of assumpsit, by William Sigsbee against William S. Linn, to recover damages for resuming the practice of medicine in violation of an agreement previously entered into between them.

The following is a copy of the first count of the plaintiff's declaration, which shows the facts of the case. After entitling the case, it is as follows:

"William Sigsbee, Jr., the plaintiff in this suit, complains of William S. Linn in an action of trespass on the case upon promises, for that whereas, heretofore, to-wit: on the 18th day of October, 1868, to-wit: at the county of Hancock and State of Illinois, the said plaintiff and defendant, both being then and there practicing physicians, made and entered into a certain article of agreement in writing, in the words and figures following, to wit:

"'An article of agreement made and entered into this 18th day of November, A. D. 1868, between William S. Linn, of the county of Hancock and State of Illinois, of the one part, and William Sigsbee, Jr., of the county of Adams and State of Illinois, of the other part, witnesseth, that the party of the first part doth hereby agree to sell unto the party of the second part his house and lot, situated and being in the town of Chili, county of Hancock, and State aforesaid, and which he now occupies as and for his residence, said lot containing three acres of land, for the sum of two thousand dollars ($2000), and the said party of the second part, for and in consideration of the above named premises, doth agree to pay unto the said party of the first part the sum of one thousand dollars ($1000), on or before the first day of January, A. D. 1869, at which time the party of the second part is to have the privilege of occupying a portion or all of said house for his family's use until the first day of March,

A. D. 1869, at which latter named time the party of the first part agrees to execute and deliver unto the party of the second part a good and sufficient deed of warranty, and to give full and entire possession of the premises, and at the same time and place the party of the second part will pay unto the party of the first part the remaining one thousand dollars ($1000) in lawful money, and the party of the first part being a practicing physician, he also agrees to sell and include in the aforesaid premises and sale, his practice, and also hereby obligates himself not to establish, nor to attempt to establish a medical practice within the aforesaid township of Chili, nor within six miles of his present residence, and he also agrees to leave all the posts and fencing lumber now on said premises, and that the same are included· in said sale.

"'In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written.                                   "'W. S. LINN,

"'WM. SIGSBEE, JR.'

"And the said plaintiff in fact avers, that he did comply with and fully perform all the terms and conditions of said contract, by him to be kept and performed, by paying to the said defendant the just and full sum of two thousand dollars, as in and by said contract is provided, and that the defendant then and there executed and delivered to said plaintiff a deed for said house and lot, and the possession thereof, as is in and by said contract provided.

"And the said plaintiff further in fact avers, that, afterwards, to-wit: on the first day of June, 1869, and on divers and sundry other days and times since that time, to-wit: at the county aforesaid, said defendant, disregarding his said promises and undertakings in said article of agreement contained in that behalf, did establish and attempt to establish a medical practice within six miles of the place of his residence at the time of executing said article of agreement, to-wit: at the county aforesaid, whereby said plaintiff hath been greatly damaged, to-wit: to the amount of two thousand dollars.

By reason whereof said defendant then and there became liable to pay to said plaintiff the said sum of $2000, and being so liable, in consideration thereof said defendant then and there undertook and promised to pay the same to said plaintiff upon request, to-wit: at the county aforesaid."

The second count declared upon the agreement according to its legal tenor and effect, concluding with the usual breach.

On the trial, the plaintiff proved, by several witnesses, that the defendant had practiced medicine within six miles of the village of Chili, his former place of residence. Plaintiff then called Dr. David Ellis, a practicing physician in the town of Augusta, and asked him "what, in his opinion, was the plaintiff damaged by reason of defendant having resumed the practice of medicine." The defendant objected to the question for the reason that it was not proper to prove damages in the case by the mere opinion of witnesses, but that plaintiff should prove facts and circumstances, and let the jury judge therefrom, and because the witness had not shown a knowledge sufficient upon which to form a satisfactory opinion. The court overruled the objection, and held that as the witness was a practicing physician, he was competent to give his opinion as to the damages actually sustained. The witness answered, that, in his opinion, plaintiff's damage was $2500 to $3000. The court also allowed Dr. W. F. Hannon to give a similar opinion.

The defendant offered to prove by Dr. Edwards and others the plaintiff's standing and reputation in the neighborhood of Chili, and also offered to prove, by the parties in whose families he had practiced, whether or not they would have employed the plaintiff, if the defendant had refused to practice, but the court sustained objections to all of such evidence.

The jury found for the plaintiff, and assessed his damages at $450. Defendant moved for a new trial, which was refused.

The court rendered judgment on the verdict, and the defendant appealed.

Messrs. MANIER, PETERSON & MILLER, for the appellant.

Mr. JOHN H. WILLIAMS, and Mr. G. EDMUNDS, Jr., for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

We perceive no defect in the declaration. The contract between the parties is set out *in hæc verba*. By it one party agreed to sell to the other a lot and house for the consideration, expressed in the writing, of two thousand dollars, and it concluded with this clause: "And the party of the first part being a practicing physician, he also agrees to sell and include in the aforesaid premises and sale, his practice; and he hereby obligates himself not to establish nor to attempt to establish a medical practice within the aforesaid township of Chili, nor within six miles of his present residence." It is also averred in the declaration, that both parties were practicing physicians.

The chief objections are, that the restraint imposed was unreasonable, and that there was no valuable consideration. The rule is well settled that any partial restraint of trade, or an agreement not to transact business at specified places, or with particular persons, or beyond a limited distance, or not to practice medicine within reasonable bounds, if there be some legal consideration for the restraint, will not invalidate the agreement. If there is a reasonable limitation only, and a consideration capable of supporting the agreement, it will be upheld. Courts will not inquire whether the consideration was adequate or equal in value to that which the party loses by the restraint. The contract must be construed by the court, and its reasonable character and the consideration for it determined. Chitty Con. 664; *Mitchell* v. *Reynolds,* 1 Peere Williams, 181; *Horner* v. *Grams,* 7 Bing. 735;

*Hitchcock* v. *Coker*, 6 Ad. and Ellis, 438; *Pike* v. *Thomas*, 4 Bibb, 486; *Pierce* v. *Woodward*, 6 Pick. 206; *Chappell* v. *Brockway*, 21 Wend. 156; *Bowser* v. *Bliss et al.* 7 Blackford, 344.

In this case the limitation was reasonable, as the practice was only prohibited in an area of six miles in all directions from the property purchased. There were good reasons which induced the contract, and there was a legal consideration. The agreement must be construed so as to make the two thousand dollars paid a consideration for the promise not to attempt to establish a medical practice within the restricted territory, as well as for the house and lot.    The contract was an entirety, and is susceptible of no other construction.

There was, however, error in the admission of the testimony, for which the judgment must be reversed.

The court permitted witnesses for plaintiff to give an opinion as to the amount of damages resulting from the resumption of practice by the defendant.    The witnesses called for this purpose were physicians.    The facts of the case did not bring them within the class of experts, and we can conceive of no principle which justified the admission of the testimony.    In general, the opinions of witnesses are not evidence.    Experts, or persons instructed by experience, "men of science," as Lord MANSFIELD called them in *Folkes* v. *Chadd*, 3 Douglas, 157, may give opinions upon questions of science, skill or trade, as, to the sea-worthiness of ships, or their unskillful navigation, the genuineness of hand-writing, the cause of disease and of death, the consequences of wounds, the sanity or insanity of a person's mind, or others of a like kind.

The rule is thus stated in the note to *Carter* v. *Boehm*, 1 Smith's Leading Cases, 286: "On the one hand, it appears to be admitted that the opinion of witnesses possessing peculiar skill, is admissible whenever the subject matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance; in other words, when it so far partakes of the nature

6—67TH ILL.

of a science as to require a course of previous habit or study, in order to the attainment of a knowledge of it."

Opinions of witnesses are not competent as evidence when the inquiry is into a subject matter, the nature of which does not require any peculiar habits or study or scientific knowledge to understand it. The opinions of the physicians were not only unnecessary to enable the jury to ascertain the damages sustained, but were highly improper. If they did not have a knowledge of the facts, the sickness and the practice performed by the defendant, an opinion was a mere guess. If they had such knowledge, from a detailed statement of the facts the jury could have assessed the damages. All the facts bearing upon the question of damages should have been laid before the jury, and they would have been fully competent to fix the amount of the verdict without the aid of the opinions of others. *Ramadge* v. *Ryan*, 9 Bingham, 333; *Norman* v. *Wells*, 17 Wendell, 136–162.

The ninth instruction should therefore have been given for the defendant, that the jury should disregard the mere opinions of witnesses.

We are of opinion that proof might have been properly submitted as to the general professional standing of the plaintiff, as a physician, within the prohibited area; but not whether particular persons would have employed him. The inquiry should only be as to his general character as a physician. This would not, as supposed by counsel for appellee, involve his character for truth, charity, religion, or honesty, but merely his general reputation as a physician—his capacity and fitness to practice medicine. The question should be, what was his general character as to his capacity and fitness to practice his profession? If he had no general reputation in this regard, the fair inference would be that he had not sustained much damage. If there was only a possibility that he could have obtained practice, his loss could only be nominal. His general character, as a physician, was a proper subject for the consideration of the jury. In defense of any

such attack of his general professional standing, he should be. allowed to offer proof of his general reputation, as a physician, either within the prohibited area, or elsewhere.

The judgment is reversed and the cause remanded.

*Judgment reversed.*