PATRICK HURSEN

*v.*

JAMES C. GAVIN.

*Filed at Ottawa March 28, 1896—Rehearing denied October 7, 1896.*

1. CONTRACTS—*when void, as being in restraint of trade.* A contract in restraint of trade, by which a party binds himself not to carry on his trade or business at all or within the limits of a particular country or State, is void, as against public policy, as working an injury to the public at large.

2. SAME—*limits within which trade may be restrained by contract.* A contract by a retiring member of a firm engaged in the undertaking and livery business not to engage in such business for the period of five years within the limits of a certain named city, made upon the sale of his interest to his co-partner, is valid.

*Hursen* v. *Gavin*, 59 Ill. App. 66, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

The facts of this case, as stated by the Appellate Court, are as follows:

"This was a bill to restrain appellant from engaging in the livery and undertaking business in the city of Chicago prior to April 20, 1897. The answer admitted that appellant was about to open an undertaking business at 1057 West Lake street, Chicago, and claimed the right to do so. The cause was referred to a master to take proofs and report the same, with his conclusions upon the law and evidence. The master reported that the complainant, at the time of filing his bill, was engaged in the livery and undertaking business at 974 and 978 West Lake street and 1391 West Madison street, with one Patrick Hursen, Jr., under the firm name of Hursen & Gavin, and that they had been so conducting said business since the 20th day of April, 1892; that the complainant was also engaged in the undertaking business at 307 West Van Buren street, under the firm name of J. C. Gavin; that for several years prior to the 20th day of April, 1892, said business was carried on at Nos. 976 and 978 West Lake street and at 1391 West Madison street, in the city of Chicago, by Patrick Hursen, Sr:, the defendant, and for a few months prior to said date by the defendant and Patrick Hursen, Jr., under the firm name of P. Hursen & Son; that each owned one-half interest in the business during said few months they were so in partnership; that on or about April 20, 1892, Patrick Hursen, Sr., offered to sell his interest in the livery and undertaking business for $6000, and did sell it to the complainant for $5500, agreeing with the complainant not to engage in the livery and undertaking business in the city of Chicago for a period of five years from the 20th day of April, 1892; that Patrick Hursen, the defendant, has opened up an undertaking establishment at 1057 West Lake street. Exceptions were filed to the master's report, they being, in substance, that the agreement of appellant with appellee was solely with regard to the

barns at 976 and 978 West Lake street, Chicago, and at 1391. West Madison street, and that the evidence shows that said 'Gavin is not, and for some months has not been, engaged in business in either of said places, and his interest in this cause has ceased, and for that reason no injunction should be granted in this cause.'"

A decree in accordance with the prayer of the bill having been rendered by the circuit court, an appeal was prosecuted to the Appellate Court, where the decree of the circuit court was affirmed. The present appeal is prosecuted from the judgment of affirmance so entered by the Appellate Court.

RUNYAN & RUNYAN, for appellant.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

When appellant sold to appellee his undivided one-half interest in the livery and undertaking business at 976 and 978 West Lake street and 1391 West Madison street in the city of Chicago for $5500.00, he executed a bill of sale in which was inserted the following provision: "It is expressly agreed that Patrick Hursen shall not engage in the livery and undertaking business in the city of Chicago for a period of five years from this date," (April 20, 1892). It is conceded, that the contract was entered into, and the only question is whether it was valid and whether it has been violated by the appellant.

It is charged, that the agreement of appellant not to engage in the livery and undertaking business in the city of Chicago for a period of five years is invalid as being in restraint of trade. Undoubtedly contracts in total restraint of trade are void, and upon two grounds, *first*, because of the injury to the public by being deprived of the industry of the party who is restrained, and, *second*, because of the injury to the party himself by being deprived of the opportunity to pursue his occupation and thereby support his family. A contract in restraint of

trade is thus total and general, when by it a party binds himself not to carry on his trade or business at all, or not to pursue it within the limits of a particular country or State. Such a general contract in restraint of trade necessarily works an injury to the public at large and to the party himself in the respects indicated, and is, therefore, against public policy.

But a contract, which is only in partial restraint of trade, is valid, provided it is reasonable and has a consideration to support it. (5 Lawson on Rights, Remedies and Practice, sec. 2403; 3 Am. & Eng. Ency. of Law, p. 882, and cases in notes; *Oregon Steam Navigation Co.* v. *Winsor,* 20 Wall. 64). The restraint is reasonable, when it is such only as to afford a fair protection to the interests of the party, in whose favor it is imposed. If the restraint goes beyond such fair protection, it is oppressive to the other party and injurious to the interests of the public, and, consequently, void upon the ground of public policy. A contract in restraint of trade, to be valid, must show that the restraint imposed is partial, reasonable and founded upon a consideration capable of enforcing the agreement. "Courts will not enquire whether the consideration was adequate or equal in value to that which the party loses by the restraint. The contract must be construed by the court, and its reasonable character and the consideration for it determined." (*Linn* v. *Sigsbee,* 67 Ill. 75). Where the restriction embraces too large a territory, it will be unreasonable and void as being wider than is necessary for the protection of the party in whose favor it is imposed, but where the restriction limits the exercise of the occupation within reasonable bounds, it is valid as being no larger than is necessary to protect the covenantee. (5 Lawson on Rights, Remedies and Practice, secs. 2403-2405; *Linn* v. *Sigsbee, supra*).

In *Linn* v. *Sigsbee, supra,* a practicing physician sold his house and lot for $2000.00, and included in the sale his practice and obligated himself to the purchaser, who

was also a practicing physician, not to establish or attempt to establish a medical practice within a certain township, nor within six miles of his residence; and we held, that the limitation was reasonable, that there were good reasons which induced the contract, and that there was a legal consideration.

In *Pelz* v. *Eichele*, 62 Mo. 171, a contract not to engage in the manufacture of matches in the city of St. Louis "or at any other place" was held to be divisible, and valid as to that portion which restrained the manufacture of the matches within the city of St. Louis. To the same effect, substantially, is *Gill* v. *Ferris*, 82 Mo. 156.

In *Washburne* v. *Dorsch*, 68 Wis. 436, it was held that an agreement not to engage in the dry goods and grocery trade in a certain town for a period of five years, leaving the party at liberty to engage in any other business in that town, was valid as only a partial or limited restraint upon trade.

Where one engaged in business sells his stock or his business and good will with a limitation upon the restraint as to time, but none as to territory, the restriction is void, and a contract preventing one from carrying on his calling anywhere is unreasonable. (*Wiley* v. *Baumgardner*, 97 Ind. 66; *Johnson* v. *Gwinn*, 100 id. 466).

In *Mallan* v. *May*, 11 M. & W. 653, an agreement not to carry on the practice of surgeon dentistry in the city of London was valid, although it was claimed by counsel, that the agreement was an undue, unreasonable and unlawful restriction of trade, because London contained a population of 1,500,000. (See, also, *Green* v. *Price*, 13 M. & W. 695; *Price* v. *Green*, 16 id. 346).

In *Dean* v. *Emerson*, 102 Mass. 480, A and B entered into an indenture, in which B covenanted not to be interested in a certain business within a certain county, and also covenanted not to be interested in the same business for five years within the United States, and it was held that

B was liable for a breach of the first covenant, although the second might be void as being in restraint of trade.

Applying these authorities and the principles therein announced to the case at bar, we are of the opinion that the contract between appellant and appellee was valid. It was only in partial restraint of trade. It was limited in time to the period of five years, and in space to the city of Chicago. One element of the value of the business transferred by appellant to appellee was the probability, that the customers of the former would continue to trade with the latter, and this probability was increased and the value of the purchase enhanced by the agreement of appellant not to engage in the same business in Chicago for five years. Such an agreement was, in part, an inducement to appellee to make the purchase, and was based upon a sufficient consideration. Appellant was at liberty to engage in any other business, or in the same business in any other place than Chicago. There was, therefore, only a limited restraint upon him as a tradesman, and not upon trade generally. Where one person is restrained from doing a particular business in a particular place, competition is left open to all others, and there is no injury to the public. The person restrained, in such case, merely yields to another the use of what he has disposed of to that other for value. The limitation here did not go beyond what was necessary for the protection of appellee in the prosecution of the business purchased by him, and was, therefore, reasonable.

That the appellant opened an undertaking establishment at 1057 West Lake street is clearly proven by the evidence. This was a violation of the agreement. We think that the decree of the circuit court was proper. Accordingly, the judgment of the Appellate Court is affirmed.                        *Judgment affirmed.*