## Frank E. Rugg v. Henry J. Rohrbach.

1. EQUITY—*When Court Has Jurisdiction it May Decide all Issues and Grant Full Relief.*—Whenever a court of equity has jurisdiction to grant the remedy of injunction for some special purpose, even though the injunction covers only a portion of the controversy, it may go on and decide all the issues and make a final decree granting full relief.

2. SALES—*Reasonable Restrictive Covenant in Contract of Sale.*— A covenant by one who sells the good will of a business, not to engage in the same or a similar business in Chicago for three years, is not unreasonable, and is therefore not void as against public policy, but is a reasonable and valid restriction.

3. DAMAGES—*Compensation is Not Confined to Cases Capable of Accurate Estimate.*—Compensation by way of damages is not confined to cases capable of accurate estimate. Courts and juries may act upon probable and inferential, as well as direct and positive proof.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed December 4, 1903.

GUY BROCKWAY, attorney for appellant.

McDANNOLD, SULLIVAN & JARRETT, attorneys for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

For six years before September 17, 1894, appellee was engaged in the business of gold, silver and nickel electro-plating and repairing at 94 State street, Chicago. On that day he sold his lease, plant, business and the good will thereof to appellant for $2,000, which was duly paid. In the written contract of purchase and sale he agreed not to engage in a similar business either as principal or employe in Chicago for three years, and represented that from his said business he had realized $350 per month.

Appellant since his purchase has carried on said business at the place where it was carried on by appellee. August 26, 1895, appellee was employed by The Crescent Plating Company in Chicago, which had not theretofore done electro-plating. This company then began and

Rugg v. Rohrbach.

thereafter carried on electro-plating of the kind and character done by appellant and by appellee before his sale to appellant, and appellee had charge of the construction of the tanks and other apparatus necessary for electro-plating, and since has worked as an electro-plater for the Crescent Company and had charge of that department of its business.

January 8. 1896, appellant filed his bill in the Circuit Court against appellee in which he set up the facts above stated and other facts, and prayed that appellee might be enjoined from engaging in the business of electro-plating in Chicago for three years from September 17, 1894; from furnishing information as to his former customers in said business, or in any way interfering with the good will of said business; and further prayed that the damage sustained by appellant by reason of appellee's violation of his contract with appellant might be ascertained and appellee decreed to pay the same. After answer and replication the cause was referred to a master who made a report filed May 18, 1898. All the exceptions to this report were overruled by the court. The master found, and we think properly, that appellant was not entitled to any relief under his claim that appellee had misrepresented the amount of money he had realized from his business. He further found that appellee had, in violation of his contract with appellant, engaged as an employe in the electro-plating business substantially as above set forth; that he furnished to his new employer information as to the customers for whom he had formerly done work, and endeavored by solicitation and otherwise to obtain for his new employer business which would have gone to appellant, and that appellee ought to be enjoined from continuing such interference with the business of appellant. The master further found that the restrictive covenant of appellee that he would not engage in the same or a similar business in Chicago for three years was an important and controlling inducement to the making of the purchase by appellant, but found that appellant was not entitled to

an injunction to restrain appellee from working for the Crescent Company in violation of that covenant, because he "ought not to be enjoined from doing the only thing he had been taught to do for the support of his family, when his so doing would not cause substantial damage to appellant."

The final decree from which this appeal was taken, after the recitals, proceeds as follows:

"It is ordered that all the findings of the master's report be and the same hereby are approved and confirmed. It is therefore ordered that the complainant recover nothing as compensation or damages on account of the matters in issue in this case."

Then follows only the order that the costs be divided equally between the parties. It will be noticed that although the master reported that appellee had interfered with the business of appellant and ought to be enjoined from continuing such interference, the decree, while it confirms the master's report, gives appellant no injunction of any kind.

We are of opinion that appellant was entitled to the injunction recommended by the master, for such injunction was necessary for the protection of the good will of the business sold by appellee to appellant. The question whether appellant was entitled during the term mentioned in the restrictive covenant to an injunction to restrain appellee from working at the same business for the Crescent Company, was before the chancellor and is before us, although the time mentioned in that covenant expired before the hearing; for if he was at the time the bill was filed entitled to such injunction he could not be denied any relief, but the bill must be retained for the assessment of damages. Case v. Minot, 158 Mass. 577–588.

"It may be stated as a general proposition that whenever the court of equity has jurisdiction to grant the remedy of injunction for some special purpose, even though the injunction covers only a portion of the controversy, it may go on and decide all the issues and make a final decree granting full relief." 2 Pomeroy's Eq., 2d Ed., Sec. 236.

Rugg v. Rohrbach.

In this case appellee in terms sold and transferred to appellant the good will of the business, and agreed to remain with appellant thirty days to introduce him to his regular customers, and further agreed not to engage in the same or a similar business in Chicago for three years. The restraint appellee saw fit, in order to sell to appellant his business for $2,000, to place upon his right to take employment or engage in business is not unreasonable and therefore void as against public policy, but is a reasonable restriction, and his covenant is a valid covenant, and appellant was, during the time therein specified, entitled to an injunction to restrain its violation.

In Hursen v. Gavin, 162 Ill. 377, a covenant by one who sold an undertaking business, with the purchaser, that he would not engage in that business in Chicago for five years, was held valid, and the purchaser entitled to an injunction to restrain its violation. Appellant is entitled to have the damages sustained by him by reason of the violation by appellee of his restrictive covenant in the contract of sale and his interference with the business and customers of appellant ascertained, and awarded to him in this cause.

True, the evidence does not show the exact amount of such damages with certainty, but compensation is not confined to cases capable of accurate estimate. Courts and juries act upon probable and inferential, as well as direct and positive proof. 1 Sedgwick, Dam., Sec. 170.

Appellee saw fit to violate his covenant with appellant, and the duty the law imposed upon him because of the sale of his business and the good will thereof to appellant, and it is not for him to say that because the damages appellant has thereby sustained do not rest in computation merely, because they can not be exactly ascertained, therefore he shall pay nothing and appellant receive nothing as damages for such breach.

The question as to the rule or measure of damages in this case is not now before us. Appellant is entitled to compensation. It will be for the chancellor, with or without the assistance of the master, upon another reference, as

he may determine, to make the best and most accurate estimate of appellant's damages which the nature of the case will permit.

The decree will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.