## George W. Tarr, Appellant, v. J. W. Stearman, Appellee.

1. SALES, § 422*—*when transaction is a conditional sale of an office rather than a contract for services.* An owner of a dentist office had employed a dentist on a salary to run the business. Afterwards the owner and the dentist entered into a written agreement whereby the dentist for a certain length of time was to manage the business, pay all the expenses, pay to the owner a certain

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

monthly sum, and receive the balance of the receipts for his compensation, and in consideration of the faithful performance of the services by the dentist the owner agreed to convey to him all the fixtures and the good-will of the office at the end of that time. *Held*, that the agreement amounted to a conditional sale of the office to the dentist instead of a contract for his services.

2. Sales, § 423*—*rule for determining whether transaction is a conditional sale.* The construction of a contract is a question of law, and in order to determine whether a transaction is a conditional sale it is first necessary to ascertain the character of the agreement and look to the purposes of the parties as evidenced by the provisions thereof, and the real purpose of the agreement as so evidenced must determine its character, no matter how the parties thereto may denominate it.

3. Contracts, § 215*—*rule in determining the character of a contract.* In determining the real character of a contract, courts will always look to its purpose rather than to the name given to it by the parties.

4. Contracts, § 154*—*when restriction on right of dentist to practice within certain territory void as an unreasonable restraint of trade and against public policy.* A restriction in a contract with a dentist providing that the dentist shall never practice dentistry within certain territory after his connection with the person with whom he contracted ceases, "whether said relation is terminated by expiration of the contract or otherwise," *held* void as being in unreasonable restraint of trade and against public policy.

5. Contracts, § 154*—*when provision in contract against practicing dentistry within certain limits is without force.* A restrictive provision in a contract between the owner of a dentist office and a dentist that the dentist shall not practice dentistry within certain limits while the contract is being performed or after it has been faithfully performed by the owner is without force, where the only performance of anything on the part of the owner is to receive certain monthly instalments paid by the dentist.

6. Injunction, § 80*—*when provision in contract against practicing dentistry cannot be enforced.* A restrictive provision in a contract between an owner of a dentist office and a dentist providing that the dentist so long as he shall be connected with the owner shall never practice dentistry in certain territory, except as an "employe" of the owner, cannot be enforced on bill filed by owner, where it appears that the dentist under the contract is not an employe of the owner and the notice served upon the dentist and the bill alleges that the contract has terminated.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1913. Reversed with directions. Opinion filed December 27, 1913.

SIDNEY S. BREESE and BARBER & BARBER, for appellant; ROBERT A. HOLLAND, JR., of counsel.

ROY M. SEELEY and E. L. CHAPIN, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal to review the decree entered in the Circuit Court of Sangamon county in a suit in chancery brought by appellant against the appellee. Appellee has also filed cross-errors in this court.

The facts are substantially as follows: In August, 1909, one Charles J. Tarr of St. Louis, Mo., who at that time was engaged in the business of renting and equipping dental offices and employing licensed dentists to run them, opened up a dental office under the name of "Eastern Dentists" in the city of Springfield, Ill., and employed appellee, who was a licensed dentist, at a salary of $30 per week to run said office. In November, 1909, appellant George W. Tarr, who was then a citizen of St. Louis but who has since become a citizen of Minneapolis, Minn., purchased said dental office from his brother, said Charles J. Tarr. Appellant was in the same business of renting and equipping dental offices and employing licensed dentists to run them as Charles J. Tarr. After appellant purchased said dental office in November, 1909, he continued to employ appellee to run said business at the same salary of $30 per week. These relations continued between appellant and appellee until January 1, 1910, when the written contract in controversy in this case was executed by appellant, party of the first part, and appellee, party of the second part. This contract, in substance, states that said party of the first part desires to secure the services of the party of the second

part in connection with the management of said business and it is agreed between the parties that beginning on the first day of January, 1910, the first party will employ the second party to manage and conduct said dental business for a period of fifty-five months from said date, said second party to be paid for his services as follows: During the first four months out of the receipts of said business on or before the fifth day of each month all expenses connected with the running of said business of the previous month shall be paid; out of the balance that may remain, second party shall pay to the first party on or before the fifth day of each month the sum of $40; the balance of the earnings remaining each month to be paid to second party as his compensation for his services during the preceding month. During the next forty-nine months the same provision is made, except that second party is to pay to first party $50 instead of $40 per month. For the fifty-fourth month the same provision is made, except that second party is to pay $85 for that month to the said first party. The contract then provides that the general policy of the management of said business shall be determined by said first party and that second party shall expend not less than $40 a month for advertising. Then follows the provisions concerning the agreement of second party not to practice dentistry in Springfield nor within twenty-five miles thereof, which will be hereinafter set out and considered. Then follows these provisions:

"It is further agreed between the parties that if, at any time, said party of the second part shall so conduct said business that the receipts of said business, during any given month, shall be insufficient to pay the expenses of said month and to pay said party of the first part the allowance mentioned in this contract in the manner above provided, said party of the first part shall have the privilege of terminating said contract by giving said party of the second part twenty days' notice of his intention to terminate the same.

It is further agreed between the parties hereto that if said party of the second part shall well and truly perform all of the agreements of this contract by him to be performed, that said party of the first part, at the end of fifty-four months, will, as a reward for faithful services, convey to the said party of the second part, by proper instrument, the entire business of said Eastern Dentists, being conducted at 504 East Main Street, in the City of Springfield, Illinois, or at any other office in said city to which said business may be removed, and that, by such instrument, said party of the first part will convey to said party of the second part the good will of said business in Springfield, Illinois, the right to use the said name of Eastern Dentists in Springfield, and also a clear title to the personal property, furniture, tools, etc., being at said time in said business in the City of Springfield, Illinois, and the conveyance of said property rights shall be free and clear of any and all mortgages and liens whatsoever. It is further understood between the parties that said party of the second part shall have no right whatever to the conveyance of said business or said property unless he shall fully and faithfully perform the agreements of this contract.''

The bill is filed on the theory that this is a contract of employment and avers that four monthly instalments of $50 each due appellant under the contract had not been paid by appellee and that appellant has paid $28.46 for expenses in running the office and that appellee has so conducted said business that the receipts thereof during said four months have not been sufficient to pay the expenses of the same and to pay appellant said monthly instalments; that he served a written notice upon appellee stating that the services rendered by him had not been satisfactory and that on account of several breaches of said contract on his part and of his failure during said months to so conduct said business that the receipts thereof should be sufficient to pay the expenses and to pay the instalments under said

contract, that appellant had determined to terminate the "relationship" existing between him and the appellee and to terminate said contract; that by reason of the premises said contract and the employment of defendant became terminated; that appellee refused to quit the management and conduct of said business and surrender the possession to appellant and refused to deliver up the possession of the premises or the possession of the personal property of appellant; that appellee is insolvent; that he threatens to continue to practice dentistry in said city without the written consent of appellant and continues to use the trade name "Eastern Dentists"; and prays for an injunction.

The answer admitted the execution of the contract and substantially denied the other material allegations of the bill in regard to the alleged defaults under the contract.

A temporary writ of injunction without notice to appellee issued on August 26, 1912, enjoining and restraining him from, (a) managing, controlling, conducting and retaining possession of the dental business conducted under the name of "Eastern Dentists," at 504 East Adams street, in the city of Springfield, Illinois; from retaining possession of the location thereof, and show case and sign privilege in the stairway thereto; from excluding George W. Tarr or his duly authorized agent from the possession, control, conduct and management of said dental business and the said location thereof; from preventing, in any way or in any manner, George W. Tarr or his duly authorized agent taking the sole and exclusive possession, control, conduct and management of said dental business and the said location thereof, as above described; (b) from retaining possession of any of the personal property, furniture and tools of said dental business; from withholding from George W. Tarr, or his duly authorized agent, the keys to the rooms wherein said dental business is located as hereinbefore described; from removing from said location any of the personal property, furniture and tools of said dental business; (c)

and from engaging directly or indirectly in behalf of yourself, or in behalf of others in the practice of dentistry, or being in anywise connected with any dental concern in the said city of Springfield, Illinois, or within twenty-five miles thereof, without written consent of George W. Tarr.

The cause was referred to the master, who found, among other things, that at the time the injunction was served and appellant took possession of the offices there was left in the offices material and fixtures of the value of $1,400, according to the testimony of appellee, which had been purchased by appellee out of the profits of said business; that appellee had paid all the expenses of said office and had paid appellant $1,210 on the instalments under the contract, but had failed to pay four instalments of $50 each, and was therefore indebted to appellant at the time of the service of the notice in the sum of $200; that the business was so conducted that the receipts thereof were sufficient each month to pay the expenses and to pay appellant his monthly instalment, but that the increased personal and family expenses of appellee had prevented him from paying the said four instalments to appellant, and that the failure to pay said instalments was the only breach of the contract on the part of appellee up to the time of the service of the notice; that no evidence was introduced on the question of insolvency; that appellant is and was a nonresident, unlicensed dentist; that after the service of said notice appellee claimed to own said business, attempted to rent said dental parlors for his own use and refused to permit appellant or his agents to take charge of the business or to quit until the issuing of said temporary injunction.

The foregoing findings of fact are fully warranted by the evidence. The findings of law by the master were: That as to the matters and things enjoined and restrained in items (a) and (b) hereinbefore mentioned the complainant has an adequate remedy at law; that as to matters and things enjoined and re-

strained in item (c), that the provisions of said contract upon which said restraining order is based, under the facts, and circumstances in this case, should not be enforced, the same being unreasonable, unconscionable and against public policy;  *  *  *  And further, that even if that part of the contract were enforceable, injunction would not lie, because the injury is not irreparable and is susceptible of pecuniary compensation; since the greatest possible loss there could be to the complainant would be the aggregate of unpaid instalments; and that there is therefore an adequate remedy at law.

Appellant filed objections before the master and exceptions in the Circuit Court. The chancellor sustained the exception to the findings that appellant had an adequate remedy at law and that the bill should be dismissed for want of equity, and entered a decree in accordance with the prayer of the bill with the exception that that part of the contract providing that appellee should not practice in Springfield, etc., was held void, and the injunction in regard thereto was dissolved.

From that part of the decree holding said last mentioned provision of the contract void and refusing to restrain appellee from practicing his profession in Springfield, or within twenty-five miles thereof, appellant prosecutes this appeal. Appellee has filed numerous cross-errors challenging the correctness of the decree in sustaining appellant's exceptions to the finding of the master that appellant had an adequate remedy at law, that the injury was not irreparable and was susceptible of pecuniary compensation, and that the bill should be dismissed for want of equity.

The contention of appellee is that this contract was a conditional sale of the business and property of the appellant, while appellant contends that it was purely a contract for services only. The construction of a contract is a question of law, and in order to determine whether a transaction is a conditional sale it is first necessary to ascertain the character of the agreement

and look to the purpose of the parties as evidenced by the provisions thereof, and the real purpose of the agreement as so evidenced must determine its character, no matter how the parties thereto may denominate it. Prior to the execution of this contract appellee was working for appellant at a salary of $30 per week. The essence of the written agreement is plainly that upon the payment by appellee of certain stipulated monthly instalments for a period of fifty-five months that the business then becomes the property of appellee. The only pecuniary interest appellant has under this contract is the payment of the fixed monthly instalments by appellee. Appellant does not share in the profits of the business, and is not concerned whether the business be large or small or in what manner it may be conducted, provided these instalments are paid, and agrees that at the end of fifty-four months to convey to appellee the entire business, including its good-will, the right to use the name of "Eastern Dentists," a clear title to the personal property, furniture, tools, etc., used in the business. The expressions in the contract implying employment and that the conveyance of the title to the appellee upon the completion thereof would be made "as a reward for the faithful services of appellee in performing his part of the contract," cannot disguise or evade the real purpose evidenced by the agreement itself. The only faithful services of appellee that appellant could be interested in under the agreement were the faithful payments of the instalments when they became due. It is apparent upon examination of the cases that in determining the real character of a contract the courts will always look to its purpose rather than to its name given to it by the parties. *Murch v. Wright,* 46 Ill. 487; *Lucas v. Campbell,* 88 Ill. 447; *Latham v. Sumner,* 89 Ill. 233; *Gilbert v. National Cash Register Co.,* 176 Ill. 288; *Hervey v. Rhode Island Locomotive Works,* 93 U. S. 664. In 6 A. & E. Encyc. of Law, 447, it is stated: "The delivery of personal property under a contract that the party receiving it is to pay for it in install-

ments at specified times, and when so paid for, it is to become his property, but that the title is to remain in the original owner until all the purchase money has been paid, constitutes a familiar example of a conditional sale.''

The primary and ultimate purpose of this contract is the purchase by appellee of the business and personal property connected therewith from appellant, by monthly specified payments or instalments. From the cases cited it will be seen that it is immaterial whether the agreement is designated by the parties as a ''mortgage,'' ''lease,'' ''contract of bailment,'' or ''contract of employment,'' and if the real intention and result of the performance thereof is the vesting of the title from the vendor to the vendee, it is a conditional sale.

Three paragraphs of this contract relate to the restriction of appellee in practicing dentistry in Springfield or within twenty-five miles thereof. The first states that so long as he is connected with appellant he will never within said limits practice except as an ''employe'' of appellant. We have already seen that appellee under this contract was not an employe of appellant. Also appellant in the notice served on appellee and in the bill alleges that the contract has terminated so he cannot seek any relief under this clause.

The next paragraph provides that after he ceases to be connected with appellant under the contract, whether said relation is terminated by expiration of contract or otherwise, he will *never* engage in said practice within said limits.

The third paragraph provides that neither while the contract is being performed or *after* it has been faithfully performed by *appellant* shall appellee practice within said limits. The only performance of anything on the part of appellant required by the contract was to receive the monthly instalments paid by appellee. This last paragraph is without force.

The second paragraph above mentioned is the only one that need be considered. This restriction is un-

limited as to time, and provides that appellee shall *never* practice dentistry within said territory after his connection with appellant ceases, "whether said relation is terminated *by expiration of contract or otherwise.*" The effect of this provision is that even if appellee made all the payments and performed all the conditions and appellant had conveyed to him the business and property, nevertheless he could never practice dentistry within said territory. Such a provision is repugnant to the other terms of the contract, is unreasonable and void.

It is contended that this provision of the contract is not void because the time is unlimited, and the cases of *Linn v. Sigsbee,* 67 Ill. 75, and *Ryan v. Hamilton,* 205 Ill. 191, are cited in support of this proposition. While it is true the Supreme Court upheld the contracts in those cases, yet it does not appear that the fact they did not provide for any limit of time was presented as a defense, and the court did not pass on that question in either case.

In the case of *Andrews v. Kingsbury,* 212 Ill. 100, the Supreme Court says:

"It is next insisted that the contract is invalid because it is an unreasonable restraint of trade and against public policy. The law is well settled that contracts in total restraint of trade are void for the reason that they are injurious to the public, depriving it of the industry of the party restrained, and also because of the injury to the party himself by being deprived of the opportunity to pursue his avocation for the support of himself and family; but a contract which is only in partial restraint of trade and is reasonable in its provisions as to *time* and place, and supported by a sufficient consideration, is valid, and the restraint is held to be reasonable whenever it is such, only, as affords a fair protection to the interests of the one in whose favor it is made. (3 Am. & Eng. Ency. of Law, 882; *Hursen v. Gavin,* 162 Ill. 377; *Union Strawboard Co. v. Bonfield,* 193 id. 420; *Consolidated Coal Co. v. Schmisseur,* 135 id. 371.) In this case the con-

tract provided that the appellant would not engage in the newspaper business in the city of Olney for a period of five years. It was thus limited as to *time* and place, and appears to be reasonable in all its terms and conditions. We see no sufficient reason for holding it unreasonable.''

So also the same court announced in *Southern Fire Brick & Clay Co. v. Garden City Sand Co.*, 223 Ill. 616:

''The authorities agree that contracts in partial restraint of trade, in order to be valid, must be reasonable as to *time,* place, terms, etc., manifesting an intention to simply protect the party relying upon the covenant in the reasonable restraint of unjust discrimination against him. Such contracts usually grow out of sales of property with the good will of a business, profession, partnership, etc., but they are not confined to such contracts.''

We are of the opinion that the rule is as stated in the latter cases, as it would be wholly unreasonable to hold that appellee never under any circumstances or conditions that might arise in the future be permitted to practice his profession within said territory.

We are also of the opinion that these provisions cannot be enforced on the ground of public policy. Every contract must be construed by itself, and it is a question of law whether it is reasonable or unreasonable, or whether it is contrary to public policy. *Lanzit v. Sefton Mfg. Co.*, 184 Ill. 326. In all such contracts the interest of the public is paramount. The public have a right to the benefit of the industry and skill of appellee in the business in which he may be most skilful and useful. *Lanzit v. Sefton Mfg. Co., supra; Lawrence v. Kidder,* 10 Barb. (N. Y.) 641. Appellant cannot practice dentistry in Illinois, and cannot take the place of appellee. The scientific medical and surgical treatment of the teeth at the present day has become highly developed and is of importance to the public health and welfare, and even if it can be maintained that public policy does not forbid a nonresident, nonpracticing, un-

licensed dealer of dental supplies from owning, controlling and conducting the business or practice of dentistry in this State, yet it would be clearly contrary thereto to allow him to enforce these provisions of this contract.

These provisions of the contract being void, and the contract itself being one of conditional sale, it follows that appellant has an adequate remedy at law, and the decree must be reversed with directions to dismiss the bill for want of equity.

*Reversed with directions.*