Willis D. Storer, Appellant, v. Samuel Brock, Appellee.

Gen. No. 35,910.

Opinion filed June 20, 1932.

FRANK A. MCCARTHY and JOHN E. TOOMEY, for appellant.

SAMUEL S. POLLYEA, GEORGE A. VINIK and IRVING GOODMAN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover $1,125 with interest thereon, claimed to be due him from the defendant under the terms of a written contract. A number of successive affidavits of merits, filed by the defendant, were stricken on motion of plaintiff. Afterwards the defendant filed its fifth amended affidavit of merits which plaintiff moved to strike; thereupon, the defendant made a countermotion to strike plaintiff's statement of claim on the ground that it did not state a cause of action. The defendant's motion was sustained, plaintiff's statement of claim stricken, his suit dismissed, and he appeals.

The only question for decision is whether the written contract entered into between the parties was valid and binding; the court held that it was not. The pertinent provision of the contract is as follows: "It is further agreed that Dr. Sam Brock hereby agrees to pay to said Dr. Willis D. Storer during his lifetime, the sum of One Hundred and Twenty-five ($125.00) Dollars per month for the period of two years from the date hereof, and the sum of One Hundred ($100.00) Dollars per month for each and every month thereafter,—it being specifically understood and agreed that said Dr. Willis D. Storer agrees not to engage in the practice of medicine independently of Dr. Sam Brock in Chicago and that when he returns to active practice with Dr. Brock additional compensation for him shall be mutually agreed to."

The defendant contends that since the contract restrains plaintiff, a physician, from practicing his profession in the City of Chicago for an unlimited time, it is unreasonable, contrary to public policy and void, and cites *Tarr v. Stearman,* 264 Ill. 110 (affirming same case, 185 Ill. App. 45); *Southern Fire Brick & Clay Co. v. Garden City Sand Co.,* 223 Ill. 616; *Andrews v. Kingsbury,* 212 Ill. 97; *Lanzit v. Sefton*

*Mfg. Co.*, 184 Ill. 326; *Hursen v. Gavin*, 162 Ill. 377; *Rakestraw v. Lanier*, 104 Ga. 188; *Davis, Inc. v. Christopher*, 219 Ala. 346; *Henschke v. Moore*, 257 Pa. 196; *Mandeville v. Harman*, 42 N. J. Eq. 185; *Freudenthal v. Espey*, 45 Colo. 488; *Estes v. Russ*, 1 Ch. Div. 468 (83 New Series, Chancery Div., Law Journal, 1914, p. 329.)

In the *Tarr* case (264 Ill. 110), where a bill was filed praying for an injunction and other relief, it appeared that Tarr was engaged in equipping dental offices and that Stearman, a licensed dentist, practiced his profession in the office, using Tarr's equipment. The contract between the parties provided that Stearman should pay Tarr certain sums and at the end of a certain period the equipment and office would be his. One of the provisions of the contract was that Stearman, the dentist, would never again, in the City of Springfield or within 25 miles thereof, practice dentistry except as an employee of Tarr. It was held that this provision, under the facts disclosed in that case, was against public policy and unenforceable. But the precise question before us was not decided.

In the *Andrews* case (212 Ill. 97), the facts disclosed that Andrews sold a weekly newspaper to Kingsbury and as part of the consideration agreed not to enagage in the newspaper business in the City of Olney for a period of five years, provided Kingsbury should remain in the newspaper business that length of time; and it was held that this agreement was valid. Obviously whether the contract would have been enforced if the restrictive covenant had been unlimited as to time was not involved.

To the same effect is *Southern Fire Brick & Clay Co. v. Garden City Sand Co.*, 223 Ill. 616, where the restrictive covenant in the contract for a period of eight years was upheld.

In the *Lanzit* case (184 Ill. 326), the contract between the parties provided that the seller of a paper

novelty manufacturing business would not engage in that business within the States of Illinois and Indiana for a period of 10 years. In holding the contract void as being contrary to the public policy of this State, the court said (p. 331): "The effect of the contract, if enforced as decreed below, would be to deprive the public—the people of the whole State—of the industry and skill of appellant in the particular trade or business in which he may be most skillful and useful, and compel him to engage in some other business or move to another State in order to support himself and family."

In the *Gavin* case (162 Ill. 377), a contract, by a retiring member of the firm engaged in the undertaking and livery business, which provided that he was not to engage in such business for a period of five years within the City of Chicago, was held valid. Obviously, the question whether the contract would have been upheld if the time had been unlimited, was in no way involved.

In the *Rakestraw* case (104 Ga. 188), two physicians, Rakestraw and Lanier, residing in the town of Oliver, formed a partnership for the practice of their profession. The contract recited that in consideration of the benefits that would flow to Rakestraw by reason of the formation of the partnership, he agreed that in case the partnership was dissolved he would not locate or engage in the practice of his profession as a physician in the town of Oliver or within a radius of 15 miles therefrom without the written consent of Lanier. The partnership was dissolved and afterwards Lanier claimed that Rakestraw was violating the terms of the contract and an injunction was sought. It was said that the construction of this contract was governed by the law of contracts made in restraint of trade, and that the decisions were "distressingly in conflict." The court then considered the authorities

and distinguishes between purely mercantile contracts and those which bind one to desist from practicing a learned profession, and said (p. 198): ''We think a clear distinction must be taken between the class of cases binding one who has sold out a mercantile or other kind of business, and the good-will therewith connected, not to again engage in that business within a given territory, and that class of cases binding one to desist from the practice of a learned profession,'' but held that the contract there involved, although not limited as to time, was not illegal for that reason, but was illegal only because it restrained Rakestraw more than was necessary for the protection of Lanier. The court there further said (pp. 201, 202): ''Being limited as to space, although unlimited as to time, we find that it may properly be classed among contracts in partial restraint of trade. When we seek its terms to ascertain whether it is reasonable, made to protect the promisee, and not oppressive on the promisor, we find that no money was paid by the promisee and no property sold by the promisor; . . . We find that under the terms of this contract, if the promisee . . . should remove from the town of Oliver, . . . if he should become permanently incapacitated, by disease, from continuing the practice of medicine; if he should die,— the promisor in any event would not be at liberty to practice his profession in Oliver, nor within 15 miles radius of that town. No matter what the changed conditions might be, . . . It must be clear, therefore, that the restrictions imposed upon the promisor in this contract were larger than were necessary for the protection of the promisee.''

In *Davis, Inc. v. Christopher* (219 Ala. 346), an injunction was sought to prevent the violation of an agreement whereby one party sold to another his life insurance agency and agreed '' 'not to write or solicit fire, tornado or fire and theft insurance for any insur-

ance company for a period of three years.' The agreement did not confine the prohibition to any territory or locality. The general rule is that the contract should specify a reasonable territory and time. In fact such is now embraced in section 6827 of the Code. We think this section of the Code but expressed the law as theretofore settled.'' Obviously the case is not an authority for the proposition that such contracts as the one in the instant case must be limited as to time or they will be void, because the time in the *Davis* case was expressly limited to three years.

In the *Henschke* case (257 Pa. 196), a contract which provided that the licensee would not use a patented apparatus ''for feeding horsehair from a bundle to a wrapping device,'' and that he would not thereafter ''either directly or indirectly, engage in the business of manufacturing or selling the same or any competing material in the United States,'' was held invalid because it was unreasonable in that it included the whole United States and that it was also unreasonable because it was unlimited as to time.

In the *Mandeville* case (42 N. J. Eq. 185), there was an application for an injunction to restrain the defendant from violating a restrictive covenant of a contract made between two physicians, whereby the defendant was employed by the complainant as an assistant, and the contract provided that the defendant ''would not engage in the practice of medicine or surgery in the City of Newark at any time hereafter.'' It was said that the question whether restraint, which was to endure during the life of the promisor, was reasonable or not, was undecided in New Jersey and the court held that the complainant was not entitled to a preliminary injunction but must wait until the case was heard. It was there stated that there is a distinction between a contract which was in partial restraint of trade and one which involved professional skill. The court there

said (p. 193): "Professional skill, experience and reputation are things which cannot be bought or sold."

In the *Freudenthal* case (45 Colo. 488), an experienced physician who had a large practice, employed a young assistant on a stated salary for a definite period. The contract further provided that upon the termination of the relationship the assistant would not practice medicine or surgery for a period of five years in the City of Trinidad, Colorado, and it was held that the contract was valid and binding.

In *Estes v. Russ,* 1 Ch. Div. 468 (83 New Series, Chancery Div., Law Journal, 1914, p. 329), a contract was entered into between a pathologist and a physician who employed him, which provided that the pathologist would not engage in similar work within a distance of 10 miles from plaintiff's laboratory. It was held that the restriction was for the life of the defendant and that it was not necessary or reasonable that he should be restrained for his lifetime, and the restriction was held invalid.

On the other hand, it has been held that a contract restraining a person from practicing his profession or conducting his business for his lifetime, where the contract is upon a valuable consideration and the space or territory is reasonably limited, is not invalid as being against public policy.

In considering the question of restrictive covenants in contracts, it is said in 13 Corpus Juris, pp. 468–470: "According to the early common law of England, an agreement which placed any restriction on a man's right to exercise his trade or calling was void as against public policy. But it is to be remembered that at the time when this doctrine was held a man could not lawfully exercise any trade to which he had not been duly apprenticed and admitted, and one who was so admitted was obliged by statute to follow and exercise his trade under a penalty." This doctrine has

been relaxed because the reason for it does not now exist. One is not now restricted to a particular trade or calling; so that now agreements "in restraint of trade were classified under three heads: (1) Where the restraint was unlimited as to both time and space; (2) where it was limited as to time but unlimited as to space; and (3) where it was limited as to space but unlimited as to time. In the first and second cases the agreement was void; in the third it was valid. These fixed rules were followed by both English and American courts until within the past few years, when a new view. was introduced making the validity of the agreement dependent on the reasonableness of the restraint.

". . . Even according to the early rule, it is no objection to an agreement reasonably limited in point of space that it is unlimited in point of time and may therefore continue during the whole life of the party restrained. Thus the courts have repeatedly sustained as valid agreements by the vendor of a business, trade, or profession, or by employees, etc., without limitation as to time, not to carry on the business, trade, or profession in a certain town, village, city or county, even though it be a large city." And in the footnote numerous authorities are cited, some of which hold there is no distinction between a trade and a profession. "The courts have often held valid agreements not to practice medicine in a certain town or county. *McCurry v. Gibson,* 108 Ala. 451." This footnote also cites the cases of *Ryan v. Hamilton,* 205 Ill. 191; *Linn v. Sigsbee,* 67 Ill. 75; *French v. Parker,* 16 R. I. 219, which expressly repudiates the holding in the New Jersey court in *Mandeville v. Harman,* 42 N. J. Eq. 185, above referred to.

In *French v. Parker* (16 R. I. 219), a practicing physician and surgeon of the City of Pawtucket, for a valuable consideration assigned his practice to another physician and surgeon, who was then practicing in an-

other city, and covenanted with the latter not to engage "at any time thereafter 'in the practice of medicine or surgery in said City of Pawtucket,' " and it was held that the covenant was valid though unlimited as to time.

We refer to a few other authorities that hold a restrictive covenant in an otherwise valid contract will be upheld although it is unlimited as to time. *Goodman v. Henderson,* 58 Ga. 567; *Up River Ice Co. v. Denler,* 114 Mich. 296; *Foss v. Roby,* 195 Mass. 292; *Cook v. Johnson,* 47 Conn. 175; *Webster v. Williams,* 62 Ark. 101; and *Pelc v. Kulentis,* 257 Ill. App. 213. In a clear and concise opinion delivered by Mr. Justice Jones in the case last mentioned, a restrictive covenant, whereby the vendor of a retail grocery and meat market business in the City of North Chicago agreed that he would not engage in that business or any other kind of business in that city, was upheld although it was unlimited as to time. We are in accord with the reasoning of the opinion in that case and the conclusion reached, and think the rule announced there is applicable to the case before us.

That the rule which formerly held restrictive covenants in agreements void has been greatly relaxed and in many places abrogated, appears from the authorities which we cited and discussed in the case of *Parish v. Schwartz,* 252 Ill. App. 591. We upheld the restrictive covenant in that case because of the holding in the *Lanzit* case, *supra,* 184 Ill. 326, and *Union Strawboard Co. v. Bonfield,* 193 Ill. 420; and on appeal the judgment in the *Parish* case was affirmed by the Supreme Court (344 Ill. 563) apparently on the principle of *stare decisis.* The court, after referring to the *Lanzit* and *Union Strawboard* cases, said that if public policy required a change of the law as announced in those two cases, the remedy might be found

by application to the legislature. In that case three of the justices dissented.

The defendant further contends that the contract is void because the enforcement of it would prevent Dr. Storer from practicing his profession as a physician in the City of Chicago, which has a population of more than three million, and therefore the territorial limitation is unreasonable. We think this contention cannot be sustained. In these days of rapid transportation—street cars, motor buses and automobiles—it takes but a very short time to travel from one end of the city to another. If the doctor should see fit to open an office in Oak Park, Evanston or other suburb, he would be readily accessible to those who sought his professional services. We think it cannot be said as a matter of law, and without any evidence but the contract before us, that the inhabitants of Chicago would be unduly prejudiced unless Dr. Storer were permitted to practice his profession in the city.

In the instant case we hold that the restrictive covenant in the contract mentioned in plaintiff's statement of claim is valid, and that the court erred in striking the statement of claim.

The judgment of the municipal court of Chicago is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.