## INTERSTATE FINANCE CORPORATION v. WOOD.

### Civ. A. No. 1342.

District Court, E. D. Illinois.

Aug. 1, 1946.

Hugh V. Murray, Jr. (of Murray & Murray), of Centralia, Ill., for plaintiff.

Howard W. Campbell (of Craig & Craig), of Mt. Vernon, Ill., for defendant.

WHAM, District Judge.

After considering the contract and the evidence I have no doubt and find as facts that the contract upon which this suit is grounded rests upon an adequate consideration, that the defendant has deliberately and with premeditation violated the terms and provisions of the contract in a most flagrant manner by entering into and carrying on a loan business and taking plaintiff's customers in Mt. Vernon, Illinois, where defendant for several years was manager of plaintiff's loan office and knew its books, business and customers and that the plaintiff has and will suffer irreparable damages by reason of and through such violation. I further find that the required jurisdictional amount is in controversy and that this court has jurisdiction of the cause and of the parties. If the contract is valid and enforceable as sought in the complaint, the plaintiff is entitled to a decree.

Whether or not the contract is valid and enforceable in whole or in part or whether it is entirely void as being in unreasonable restraint of trade is the question upon which the entire case turns.

The contract, after setting forth that the defendant was an employee of plaintiff, that the plaintiff was engaged in the business of loaning money, writing insurance, dealing in real estate and doing other business, directly or indirectly, and that the good will of the company consisting of its customers, patrons and agents is one of its principal assets, contains among many other provisions the following paragraphs which define the scope of the contract in so far as pertinent:

"That the Company does hereby employ the Employee to do such work in and about its business in the State of Kentucky and/or the State of Indiana, or other State, as the management of the Company may from time to time assign and designate to the Employee."

"The Company is engaged in the same business in other cities and states; the Employee will not during the life of this contract, or within one year after its termination, for any cause whatsoever, whether with or without his fault engage or become interested, directly or indirectly, in the business of loaning money or writing insurance, either as principal, partner, agent, employee, or as director or officer of any corporation

or association, or in any other manner or capacity whatever, in any State in which the Company now is or shall hereafter be so engaged."

It is seen that the contract by its terms prohibits defendant during its life and for a period of one year after its termination from engaging in or becoming interested in the business of loaning money or writing insurance in any state in which the plaintiff then was or thereafter should become so engaged. The evidence showed that plaintiff then had offices in three states, namely, Illinois, Indiana and Kentucky. It is deducible from the evidence that the business area served by any one office did not extend beyond the county or a limited territory adjacent to the county in which the office was located. In none of the states in which plaintiff had offices was its good will or the area in which its customers lived state wide. Recognizing this factual situation, plaintiff seeks a preliminary and a permanent injunction restraining defendant only within an area coextensive with the seven counties in the state of Illinois in which it maintains and conducts offices for carrying on its business. The case is now before the court upon plaintiff's application for a preliminary injunction.

■ The contract was made and executed in the plaintiff's Mt. Vernon office in 1938 while defendant was an employee of plaintiff in that office. It is an Illinois contract and the violation of its provisions has occurred and is occurring in Illinois. This controversy is governed by the law of Illinois. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. In the absence of any controlling statute, the law of Illinois, in so far as it has been established, must be found in the decisions of the courts of the state.

■ Under the facts in this case and the decisions in Illinois it seems to be well established that the contract is illegal if it be given a state wide application pursuant to its terms, especially if such broad application is unnecessary to protect plaintiff's reasonable interests, as here. Lanzit v. J. W. Sefton Manufacturing Co., 184 Ill. 326, 56 N.E. 393, 75 Am.St.Rep. 171; Frazer v. Frazer Lubricator Co., 18 Ill.App. 450;

Craft v. McConoughy, 79 Ill. 346, 22 Am. Rep. 171; Union Strawboard Co. v. Bonfield, 193 Ill. 420, 61 N.E. 1038, 86 Am.St. Rep. 346; Parish v. Schwartz, 344 Ill. 563, 176 N.E. 757, 78 A.L.R. 1032; Hursen v. Gavin, 162 Ill. 377, 44 N.E. 735.

■ Is the contract geographically divisible according to existing facts and may the court on proof of such facts enforce the contract as to the specific portion or portions of the entire area covered by its broad terms in which the reasonable interests of the plaintiff are being or will be irreparably injured by the violations of the defendant? The court must be guided by the contract that was entered into between the parties and cannot by judicial decision create a new and different contract. If the contract had contained separate restrictive clauses applying to separate geographical areas, even though one may have been included within another, it would seem that if the evidence showed that plaintiff's reasonable interests being subjected to injury extended over any one or more of the limited areas, the covenants applicable to them, being lawful, could be enforced and the illegal covenants disregarded. Lanzit v. J. W. Sefton Manufacturing Co., supra; Hursen v. Gavin, supra; Linn v. Sigsbee, 67 Ill. 75; Pelc v. Kulentis, 257 Ill.App. 213, 219. But where the contract contains but a single territorial covenant and it is void as being in unreasonable restraint of trade it seems that the entire contract must fall. Lanzit v. J. W. Sefton Manufacturing Co., supra; Union Strawboard Co. v. Bonfield, supra; Hursen v. Gavin, supra. See also Restatement of the Law of Contracts, Sec. 515; Guth v. Minnesota Mining & Mfg. Co., 7 Cir., 72 F.2d 385.

■ There seems to be no provision in the contract here under consideration which indicates any understanding between the parties that the restriction should be narrower than state wide. There is no provision upon which a decree limited to the actual area within which plaintiff's interests are actually being injured can rest. No question is or could properly be raised as to the validity of the contract in so far as affected by the time limit of one

year. The resistance to the enforcement of the contract is based solely upon the unreasonableness of the territorial covenant. So based, in view of the evidence and the law of Illinois, the defendant is entitled to succeed.

The application for a preliminary injunction is denied. This memorandum will be filed as the findings and conclusions of the court.