RICHARDSON v. WEBSTER–RICHARDSON PUB. CO.

No. 9633.

Court of Civil Appeals of Texas. Galveston.

Jan. 26, 1932.

Rehearing Denied Feb. 11, 1932.

Ward & Ward, of Houston, for appellant.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellee.

PLEASANTS, C. J.

This suit was brought by the appellee to enjoin the appellant Richardson and the Richardson Printing Company from publishing and issuing a proposed newspaper called the Houston Defender, or any other newspaper within the state of Texas before the 4th day of April, 1932. The suit is based upon a contract between appellee and appellant by which the appellant, on April 4, 1927, sold to appellee a newspaper published by him in the city of Houston called the Houston Informer, and as part of the consideration of the purchase of the paper by appellee entered into the following agreement and contract which is incorporated in the instrument of sale: "In order to protect the said Webster-Richardson Publishing Company, Inc., in the enjoyment and use of said weekly newspaper and good will conveyed by this transfer, the said C. F. Richardson agrees that he will not, either directly or indirectly, publish any newspaper within the State of Texas, except on behalf of said Webster-Richardson Publishing Company, Inc., or as said company may in writing otherwise agree, for a period of five years from the date hereof."

Plaintiff's petition after setting out the above agreement, and the facts relating to the organization of the Richardson Printing Company, showing the connection of appellant C. F. Richardson therewith, and the announcement by the printing company of the forthcoming issue of the Houston Defender as a "Richardson owned and edited newspaper," alleges:

"That the said C. F. Richardson, personally and by advertisements above described, has announced that the first edition of 'The Houston Defender' would be published on October 10, 1930. That plaintiff is informed and believes, and alleges the fact to be that defendant herein, C. F. Richardson, is the organizer of said corporation known as Richardson Printing Company, Inc.; that he is the editor of the proposed paper, 'The Houston Defender'; that it will be under his control and management; that it will express and publish his ideas; that it will be the result of his labor and thought; that through his wife and son he will have control of said newspaper and of its policies, and that if said paper 'The Houston Defender' is published it will be published in fact and in truth by the said C. F. Richardson in violation of his contract and agreement above alleged and in violation of the rights of this plaintiff, and in violation of the valuable property rights of this plaintiff; that if said 'The Houston Defender' is published as proposed, it will injure this plaintiff in that it will tend to take from this plaintiff the good will purchased by it from said C. F. Richardson, and in that it will tend to take from this plaintiff subscribers to the paper 'The Houston Informer' purchased by it from said C. F. Richardson; all of which are valuable property rights owned by this plaintiff; and such injury will be irreparable, and that for such injury this plaintiff has no adequate remedy at law.

"Plaintiff further alleges that said Richardson Printing Company, Inc., above described, is a mere tool of the said C. F. Richardson, defendant herein; that the directors thereof are mere dummy directors and are tools of the said C. F. Richardson, defendant herein; that the said Richardson Printing Company, Inc., was organized by the said C. F. Richardson for the sole purpose of attempting to evade his obligations under the above mentioned agreement. That unless restrained and enjoined the said C. F. Richardson and said Richardson Printing Company, Inc., will publish said newspaper 'The Houston Defender' in accordance with his above alleged announcement."

The prayer of the petition was for a temporary and permanent injunction against both defendants restraining each of them from publishing the proposed newspaper until April 4, 1932.

Upon presentation of the petition, which was duly verified, the judge of the court below, on October 8, 1930, entered thereon a restraining order and set the hearing for a temporary injunction for October 14, 1930. On the day set for the hearing the defendant Richardson Printing Company appeared and answered plaintiff's petition by a general demurrer and general denial, and specially pleaded that the contract upon which plaintiff's suit is founded is void because in violation of the anti-trust laws of Texas and against public policy; that Mrs. L. R. Richardson had the right to form defendant corporation, and the corporation has the right to publish a newspaper.

"Further answering herein to the petition of plaintiff, this defendant says that it has sold and disposed of the proposed publication known as 'The Houston Defender,' and its interest therein but that this defendant was incorporated for certain purposes, and it is the intention and purpose of this defendant, unless restrained by the court, to publish a weekly newspaper in the City of Houston of which R. L. Richardson shall be the publisher and editor as authorized by the board of directors of this corporation, and that it is the purpose of this defendant, unless restrained by the court to employ the defendant, C. F. Richardson, who is a mechanical printer, to do certain mechanical work

in and about a weekly newspaper proposed to be issued by this defendant, but not The Houston Defender paper, to solicit subscriptions for such paper, to solicit advertising for such paper, but not to write editorials for said paper, or in any wise assist or be interested in the furnishing of or make up of editorials and news items, or to determine the policy or in any wise participate in the management of said paper, and this defendant alleges that such employment as is contemplated by this defendant of the said defendant, C. F. Richardson, is not embraced in and is not in violation of the terms of any agreement that he might have or might have had with the Webster-Richardson Publishing Company set out in plaintiff's petition, if such provision of such contract or agreement is held to be of any validity, which validity is by this defendant expressly denied."

The defendant C. F. Richardson filed a separate answer, set up substantially the same defenses set up by the Richardson Printing Company, and in addition thereto alleged: "For further answer herein, this defendant says that as a part of the consideration for his sale to the Webster-Richardson Publishing Company, Inc., the agreement that this defendant should not publish any newspaper within the State of Texas except on behalf of the plaintiff for a period of five years was based upon the express agreement and consideration that this defendant should be employed by the plaintiff in the capacity that he had theretofore been employed in and about said newspaper known as 'The Houston Informer,' and that at and prior to the time of the sale of said weekly newspaper to the plaintiff, and as a part of the consideration thereto and therefor this defendant did agree that he would not publish any newspaper except on behalf of said plaintiff for a period of five years, but strictly conditioned upon this defendant's continuous employment at a salary and in the capacity then agreed upon and which was partially consummated thereafter by the employment of this defendant in such capacity for approximately three years of said time, and that at the expiration of about three years of said time, the plaintiff discontinued this defendant's services, and that the plaintiff having failed to carry out and perform its agreement with reference to the employment of this defendant for said period of five years, this defendant is released by the plaintiff's breach thereof from any further observance of such contract or agreement."

In the last paragraph of his answer defendant C. F. Richardson alleged: "Further answering herein, this defendant says that his connection with the Richardson Printing Company, Inc., was not in any wise intended to be in violation of the provisions of this defendant's agreement with the plaintiff, if such agreement was valid, and is not in violation

thereof, and that this defendant's employment with said company was not to in any wise participate in the editing or publication of any weekly newspaper, and that unless restrained it is the intention of said defendant corporation to issue a weekly newspaper, and that it is contemplated between the defendant, Richardson Printing Company, Inc., and this defendant that unless restrained, this defendant will continue in the employment of the defendant, Richardson Printing Company, Inc., and will render service to such company under his employment of the following kind and character, to-wit: to do certain mechanical work in and about a weekly newspaper proposed to be issued by the defendant company, but not 'The Houston Defender,' to solicit subscriptions for such paper, and to solicit advertising for such paper."

By agreement of the parties the case was submitted to the court on October 14 for final disposition on the law and facts without interposition of a jury. The trial resulted in a judgment enjoining "the defendant C. F. Richardson from publishing directly or indirectly any newspaper within the State of Texas (except on behalf of Webster-Richardson Publishing Co., or as said Company may in writing otherwise agree) until the 4th day of April, 1932." The prayer for injunction against the Richardson Printing Company was in all things denied and the temporary restraining order theretofore issued against that company was dissolved.

The only parties to this appeal are C. F. Richardson and the Webster-Richardson Publishing Company, and we are therefore not concerned as to the correctness of the judgment in favor of the Richardson Printing Company.

The trial court upon request of appellant filed conclusions of fact and law. The facts found by the court support all of the material allegations of the petition as to the violation by appellant of the agreement and contract declared on by the appellee, and are amply sustained by the evidence.

The first ground for reversal is thus stated in appellant's brief: "Injunction should not issue to prohibit violation of the terms of the alleged contract prohibiting Richardson from publishing a newspaper in the State of Texas for five years, because such provision is void, being in restraint of trade and contrary to public policy, and therefore unenforcible."

We do not think this proposition should be sustained. The contract upon which appellee's suit is brought is not, in our opinion, unreasonable as to territory, and it goes without saying that the limitation as to time is reasonable.

The evidence from appellee's witnesses shows that the defendant C. F. Richardson built for the Houston Informer, a paper "of

considerable circulation," and had "acquired a rather wide fame or notoriety" as editor and publisher of that paper. In this situation, when the parties came to discuss and determine the extent of the territory in which the good will of the Houston Informer and its editor was valuable to the purchaser of the paper, it cannot be said as a matter of law that an agreement that it extended to the limits of the state was so unreasonable as to render void the contract of Richardson that he would not for the space of five years directly or indirectly publish any newspaper within the state of Texas without the consent of appellee. The full protection by a purchase of the good will of a business can only be secured by an agreement of the seller not to engage as a competitor in the same character of business within such reasonable time, and within the reasonable limits of the territory in which the good will of the business sold to the purchaser has been established, as to reasonably enable the purchaser to obtain for himself the good will for which he has paid the seller. This rule of law is thus stated in 13 Corpus Juris, 473: "Each case in which the question of reasonableness of restraint arises must be determined according to its own particular facts, and the subject matter, the situation of the parties, and the circumstances should be considered, the nature of the business restrained being as important a consideration as the elements of time and place. A restraint to be reasonable must be such only as to afford a fair protection to the interests of the party in favor of whom it is given and not so large as to interfere with the interests of the public. Subject to this qualification it may extend to all the territory in which the business has been carried on or wherein the covenantee's trade is likely to go, although coextensive with the United States, and there are cases which go to the extent of holding that a general restraint of trade may be sustained where it is no more than is necessary to the protection of the interest involved. Upon these general principles the courts have determined the validity of contracts of widely varied provisions restricting the right to engage in particular businesses or professions, or to manufacture particular articles or commodities."

Under this rule we cannot hold that the contract on which this suit is based is void upon either of the grounds upon which it is assailed by the appellant. The rule before stated is, we think, fully supported by the decisions of the appellate courts of this state, and is thus stated in 10 Texas Jurisprudence, p. 224, § 132:

"The seller of property may, by a restrictive promise, reasonably limited, agree to refrain from himself engaging in a business or from disposing of his property in such a way that others can engage in a business which would impair the value of the property to the buyer for the purpose for which he intends to use it. Such a contract is not unlawful as being in restraint of trade, or as violating the statute prohibiting monopolies. Provisions of this kind in contracts for the sale of an established business and the good will thereof are valid in so far as they are reasonably necessary to secure the goodwill to the purchaser. In the case of the sale of an established business, the goodwill has a value, and, in the performance by the seller of his covenant not to engage in the business for a definite time in a definite locality, he is merely making secure that which he has sold for a consideration. The money paid for the business and the restrictive covenant is a sufficient consideration to support the covenant. The restriction may relate as well to the acceptance of employment as to the carrying on of a business.

"In determining whether the restraint is reasonable in any particular case, all the circumstances attending the transaction will be taken into consideration, and on such inquiry the nature of the business, the sum invested, the demands of trade in the territory to be affected, and all other matters of like character are material. Where the circumstances appear on the face of the contract, the court will determine the reasonableness of the restriction as a matter of law; if they do not so appear, the contract will not be presumed to be illegal, but the party seeking to avoid liability under it must plead and prove facts which make it unlawful. Provisions of this character have been sustained in many cases where the restraint was limited both as to time and locality, or as to locality only, without restriction as to time. But if the restraint is expressed to be unlimited both as to time and place, it is void.

"The goodwill of a professional man is as much an asset and a thing which may be sold as the goodwill of a merchant, and his agreement in connection with a sale of his business not to engage in the practice of his profession in a specified territory is valid if the restriction is not unreasonable as to time or place."

Among the many authorities which impliedly or directly support the rule, we cite the following: Trinity Portland Cement Co. v. Lion B. & S. Co. (Tex. Com. App.) 229 S. W. 483; Herreshoff v. Boutineau, 17 R. I. 3, 19 A. 712, 8 L. R. A. 469, 33 Am. St. Rep. 850; National Benefit Co. v. Union Hospital Co., 45 Minn. 272, 47 N. W. 806, 11 L. R. A. 437; Cowan v. Fairbrother, 118 N. C. 406, 24 S. E. 212, 32 L. R. A. 829, 54 Am. St. Rep. 733; Comer v. Burton-Lingo Co., 24 Tex. Civ. App. 251, 58 S. W. 969. It has been expressly held by the Supreme Court of this state that a contract of this kind not unreasonable in its limitation as to time or territory does not violate the anti trust laws of this state. Gates v. Hooper, 90 Tex. 563, 39 S. W. 1079.

Appellant cites, in support of his proposition that the contract is void as a matter of law because the territory covered thereby includes the whole state of Texas, the case of Union Strawboard Co. v. Bonfield, 193 Ill. 420, 61 N. E. 1038, 86 Am. St. Rep. 346. This case and others by the Supreme Court of Illinois supports his contention, but that court cannot be followed in its holding on this question in preference to our own conclusions and what we regard as the rule well established by the great weight of authorities, including the appellate courts of this state.

There is no merit in appellant's contention that the case should be reversed because the evidence fails to show that he had violated the provisions of his contract at the time the suit was filed or at the time of its trial. If it be conceded for the sake of the argument that there having been no publication of the Houston Defender up to the time of trial, and therefore no actual violation of the contract, the evidence does show that Richardson had prepared to and was about to violate the contract and that unless restrained such violation would have been complete and continued. This showing was sufficient to authorize the court to grant the injunction.

These conclusions render the remaining propositions presented in appellant's brief immaterial, and their discussion unnecessary, and require an affirmance of the judgment.

Affirmed.